**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

---

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 09-cr-232** |
| **-vs-** | **JUDGE DRELL** |
| **JEREMY BENDER (01)** | **MAGISTRATE JUDGE KIRK** |

---

## ORDER

Before the court is a motion for compassionate release (ECF Doc. 137) filed by Jeremy Bender ("Bender"). The Government opposes Bender's motion. (ECF Doc. 146). For the following reasons, the motion is **DENIED**.

### I. BACKGROUND

On September 25, 2009, Bender and a co-defendant were charged in a one count indictment for assault with a dangerous weapon with intent to do bodily harm pursuant to 18 U.S.C. § 113(a)(3). The indictment stemmed from an altercation between inmates at USP Pollock during which Bender and his co-defendant stabbed one victim in the back and another in the chest. (ECF Doc. 1).

On July 15, 2010, Bender entered a plea of guilty to count one. He was sentenced on March 25, 2011 to 77 months imprisonment which was to run consecutively to any sentence he was currently serving.[1]

---

[1] According to Bender, the underlying sentence which he was serving was for a 2001 federal conviction in Maine for felon in possession of a firearm.

## II. LAW AND ANALYSIS

"A court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction." United States v. Chambliss, 948 F.3d 691, 692-693 (5th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i).

"The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), allows a prisoner to move for a sentence reduction under certain circumstances. One such circumstance is when "extraordinary and compelling reasons warrant" a sentence reduction." United States v. Escajeda, 58 F. 4th 184, 186 (5th Cir. 2023). As explained recently by the Fifth Circuit:

> Under settled Fifth Circuit precedent, "extraordinary" means "'beyond or out of the common order,' 'remarkable,' and synonymous with 'singular.'" The term "'[c]ompelling' is a participle of "compel" which means "to drive or urge with force, or irresistibly," "to force," and "to subjugate.'" Thus prisoners have extraordinary and compelling reasons for relief "only when they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique in the life of the prisoner.

United States v. Austin, 125 F.4th 688, 691-92 (5th Cir. 2025) (internal citations omitted).

Bender argues that circumstances surrounding the following issues warrant extraordinary and compelling reason for his early release: the fact he was a youthful offender, the COVID-19 pandemic, his carpal tunnel syndrome, his unusually long sentence, and his demonstrated rehabilitation.

### A. Youthful Offender

Bender argues that he was only 20 years old when he was arrested in Maine for possession of a firearm in violation of 18 U.S.C. § 922(g). He further contends as a youth, he experienced neurological and behavioral issues which were never treated, and these untreated issues are the

reason for his adult behaviors, including the assault to which he entered a plea of guilty in this jurisdiction. Bender seeks a reduction in sentence based on the version of United States Sentencing Guideline § 5H1.1 which was enacted in 2010. That version sated "Age (including youth) may be relevant in determining whether a departure is warranted, if considerations based on age, individually or in combination with other offender characteristics are present to any unusual degree and distinguish the case from the typical cases covered by the guidelines." Effective November 1, 2024, "(including youth)" was deleted from §5H1.1 and then effective November 1, 2025, the entire section was deleted.

Regardless of these amendments, Bender's request for relief based on his age lacks merit. He was 30 years old at the time of the assault, not a youth. Although his upbringing was not ideal, it is, unfortunately, not out of the ordinary; thus, it would not constitute characteristics "present to an unusual degree" which "distinguish the case from the typical cases." As such, compassionate release is not warranted.

**B. COVID-19**

The United States is no longer in the midst of a COVID-19 pandemic, and Bender has failed to present argument or evidence that he is at risk of complications from COVID-19. Accordingly, there is no basis to consider the virus an extraordinary and compelling reason for release.

**C. Carpal Tunnel**

The Sentencing Commission identified circumstances arising from certain medical conditions:

> (i) The defendant is suffering from a terminal illness (i.e. serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not

required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end stage organ disease, and advanced dementia.

(ii) The defendant is –

(I) suffering from serious physical or medical condition,
(I) suffering from a serious functional or cognitive impairment, or
(II) experiencing deteriorating physical or mental health because of the aging process.

That substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility from which he or she is not expected to recover.

U.S.S.G B1.13 cmt. n.1(A).

We do not question Bender's statements that his medical condition is painful and bothersome, but even as his carpel tunnel symptoms advance, there is nothing in the record indicating that his diagnosis is terminal or he is unable to care for himself. Although he drops things, this is not the equivalent of being rendered incapable of self-care. He complains that he has trouble communicating effectively with family and friends, but we note that Bender has not had any trouble continuing to communicate with this court, including a handwritten letter in perfect penmanship.[2] There is also a lack of evidence before the court that the BOP is unable to provide treatment for Bender as evidenced by his continued medical treatment. Accordingly, this argument too lacks merit.

**D. Sentence**

Bender is also without a remedy with respect to his argument that his unusually long and disparate sentence warrants compassionate release. We acknowledge that Bender has had a long sentence and that he has served nearly all of it. However, the majority of his sentence was for his

---

[2] We acknowledge that the letter was written a year ago, but it was penned at a time when he complained that his carpel tunnel was advanced enough to warrant his release.

underlying offense, not the assault brought in this jurisdiction. As to the assault charge, he was given a 77-month consecutive sentence. This sentence was the low end of the guideline range which reflected his extensive criminal history and his career offender status, a designation that the Fifth Circuit Court of Appeals affirmed (ECF. Doc. 98). The disparity between his sentence and that of his codefendant can be attributed to prosecutorial discretion as the US Attorney allowed his codefendant to enter a plea to a lesser charge. Nothing before the court rises to the level of extraordinary or compelling; thus, this claim is also denied.

**E. Rehabilitation**

Bender argues he has been rehabilitated and in support lists all of his accomplishments while in prison. However, rehabilitation alone does not constitute an extraordinary and compelling reason for release. See United States v. Martinez, No 23-50418, 2024 WL 658592, at *1 (5th Cir. Feb. 16, 2024) (unreported) ("Even if [the defendant] were reformed, his rehabilitation efforts alone are not an extraordinary and compelling reason for release."); United States v. Handlon, 23-50386, 2024 WL 11787, at *1 (5th Cir. Jan. 10, 2024) (unreported) ("rehabilitation efforts alone are not extraordinary and compelling reasons for ... release."). Even if coupled with other circumstances, including Bender's relocation plan to live at home with his wife, nothing before us shows that Bender's circumstances are more extraordinary or compelling than other prisoners in the Bureau of Prisons.

**F. 18 U.S.C. § 3553(a)**

Finally, nothing before the court calls us to question our original consideration of the factors set forth in 18 U.S.C. § 3553(a). Bender contends that he is a changed man, and we hope that is the case, but he admitted to stabbing two men. Early release would not adequately reflect the nature of his offense, promote respect for the law, or provide a just punishment. We still find

that the sentence, as imposed, remains sufficient, but not greater than necessary to comply with the purposes of § 3553(a).

## III. CONCLUSION

In light of the foregoing, it is

**ORDERED** that Bender's motion for compassionate release (Doc. 137) is **DENIED**.

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 16th day of November 2026.

**DEE D. DRELL, SENIOR JUDGE**
**UNITED STATES DISTRICT COURT**